IN THE UNITED STATED BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

| | |
|---|---|
| In re:  )<br>  )<br>CHAPMAN-MARTIN GRADING &  )<br>EXCAVATING, INC.,  )<br>  )<br>            Debtor.  )<br>_____)<br>  )<br>WEST VIRGINIA PAVING, INC., and  )<br>SOUTHERN WEST VIRGINIA PAVING,  )<br>INC.,  )<br>  )<br>            Plaintiffs,  )<br>  )<br>      v.  )<br>  )<br>CHAPMAN-MARTIN GRADING &  )<br>EXCAVATING, INC., and GREENBRIER  )<br>COUNTY BOARD OF EDUCATION,  )<br>  )<br>            Defendants,  )<br>  )<br>GREENBRIER COUNTY BOARD OF  )<br>EDUCATION,  )<br>  )<br>            Third-Party Plaintiff,  )<br>  )<br>      v.  )<br>  )<br>TRUSTEES OF INTERNATIONAL UNION  )<br>OF OPERATING ENGINEERS LOCAL 132  )<br>PENSION FUND, TRUSTEES OF  )<br>INTERNATIONAL UNION OF OPERATING  )<br>ENGINEERS LOCAL 132 APPRENTICESHIP  )<br>FUND, TRUSTEES OF INTERNATIONAL  )<br>UNION OF OPERATING ENGINEERS LOCAL  )<br>132 ANNUITY AND SAVINGS FUND,  )<br>TRUSTEES OF INTERNATIONAL UNION  )<br>OF OPERATING ENGINEERS LOCAL 132  )<br>HEALTH AND WELFARE FUND, and  )<br>TRUSTEES OF INTERNATIONAL UNION  )<br>OF OPERATING ENGINEERS LOCAL 132  )<br>AFL-CIO,  )  | Case No. 3:12-bk-30446<br><br>Chapter 7<br><br><br><br><br><br><br><br><br>Adversary No. 3:15-ap-3010 |

|                        | ) |
| ---------------------- | - |
| Third-party defendants.| ) |
|                        | ) |

## MEMORANDUM OPINION

Pending before the court are two motions for summary judgment. West Virginia Paving, Inc. ("WVP"), and Southern West Virginia Paving, Inc. ("SWVP") (collectively, the "Plaintiffs"), seek summary judgment on their complaint against Chapman-Martin Grading & Excavating, Inc. (the "Debtor"),[1] and the Greenbrier County Board of Education (the "GCBOE"). The Debtor seeks summary judgment on its crossclaim against the GCBOE. The dispositive issue common to both motions for summary judgment is whether the funds held by the GCBOE are property of the Debtor's bankruptcy estate.

The Plaintiffs seek a declaratory judgment that funds relating to a pre-petition contract between the Debtor and the GCBOE are not property of the Debtor's Chapter 7 bankruptcy estate and should be paid to them. The Debtor asserts the contrary position; that it is the only entity that had a right to the funds as of the petition date such that the funds are property of its bankruptcy estate and should be turned over to it.

For the reasons stated herein, the court will grant, in part, the Plaintiffs' Motion for Summary Judgment and deny the Debtor's Motion for Summary Judgment.

## I. STANDARD OF REVIEW

Federal Rule of Civil Procedure ("Rule") 56, made applicable to this proceeding by Federal Rule of Bankruptcy Procedure 7056, provides that summary judgment is only appropriate if the movant demonstrates "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A party seeking summary judgment must make a prima facie case by showing: first, the apparent absence of any genuine dispute of material fact; and second, the movant's entitlement to judgment as a

---

[1] To be clear, the Chapter 7 debtor itself is not participating in this adversary proceeding. Rather, the Chapter 7 trustee of the Debtor's bankruptcy estate asserts his rights in the proceeds at issue as property of the bankruptcy estate. Nonetheless, the court will refer to the trustee as the Debtor for purposes of the proceeding because the trustee stepped into the Debtor's alleged rights to the proceeds. Notably, the proceeding may impact certain rights and/or liabilities of the Debtor itself. Nevertheless, those issues, however they might be formulated, are not before the court. Thus, the court will limit itself to disposing of the issues in this proceeding as presented by the parties.

2

matter of law on the basis of undisputed facts. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The movant bears the burden of proof to establish that there is no genuine dispute of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). Demonstrating an absence of any genuine dispute as to any material fact satisfies this burden. *Id.* at 323. Material facts are those necessary to establish the elements of the cause of action. *Anderson*, 477 U.S. at 248. Thus, the existence of a factual dispute is material — thereby precluding summary judgment — only if the disputed fact is determinative of the outcome under applicable law. *Shaw v. Stroud*, 13 F.3d 791, 798 (4th Cir. 1994). A movant is entitled to judgment as a matter of law if "the record as a whole could not lead a rational trier of fact to find for the non-movant." *Williams v. Griffin*, 952 F.2d 820, 823 (4th Cir. 1991) (citation omitted); *see also Anderson*, 477 U.S. at 248. If the moving party shows that there is no genuine dispute of material fact, the nonmoving party must set forth specific facts that demonstrate the existence of a genuine dispute of fact for trial. *Celotex Corp.*, 477 U.S. at 322-23. The court is required to view the facts and draw reasonable inferences in the light most favorable to the nonmoving party. *Shaw*, 13 F.3d at 798. However, the court's role is not "to weigh the evidence and determine the truth of the matter [but to] determine whether there is a need for a trial." *Anderson*, 477 U.S. at 249-50. Nor should the court make credibility determinations. *Sosebee v. Murphy*, 797 F.2d 179, 182 (4th Cir. 1986). If no genuine issue of material fact exists, the court has a duty to prevent claims and defenses not supported in fact from proceeding to trial. *Celotex Corp.*, 477 U.S. at 317, 323-24.

## II. BACKGROUND

Prepetition, the GCBOE and the Debtor entered into a contract (the "Contract") under which the Debtor was to perform certain grading and paving work at Greenbrier West High School ("Greenbrier West") in exchange for payment. The Debtor contracted with SWVP, a subsidiary of WVP, to perform subcontract work to be completed at Greenbrier West. E.T. Boggess was the architect for the project.

The GCBOE and the Debtor based their contract on the AIA Document A101-2007 Standard Form of Agreement Between Owner and Contractor ("Form A101"), which they modified to meet their specific needs and which incorporated by reference the AIA Document A201-2007 General Conditions of the Contract for Construction ("Form A201"). The Contract included, among other things, provisions regarding payments to be made by the GCBOE to the Debtor based upon the progress of the project. Specifically, the GCBOE was to make progress

payments to the Debtor based upon Applications for Payment submitted by the Debtor to the architect, who would then issue Certificates of Payment to the GCBOE. § 5.1.1, Form A101. Similarly, the Contract obligated the GCBOE to make the final payment, "constituting the entire unpaid balance of the Contract Sum," when the Debtor fully performed the work detailed in the Contract, except for certain work not relevant here, "and .2 a final Certificate of Payment has been issued by the Architect." § 5.2.1, Form A101. Notably, however, the architect could withhold a Certificate for Payment, including for the final payment, "to such extent as may be necessary in the Architect's opinion to protect [the GCBOE] from loss for which [the Debtor] is responsible . . . because of . . . failure of [the Debtor] to make payments properly to Subcontractors or for labor, materials or equipment." § 9.5.1.3, Form A201.

The Debtor completed its work under the Contract but failed to pay some, if not all, of its subcontractors. Based upon the Debtor's failure in that regard, or based upon the Debtor's failure to submit a final Application for Payment to the architect, the architect withheld the final Certificate for Payment under the Contract.[2] The GCBOE thus never paid to the Debtor the final payment under the Contract. Specifically, the Debtor asserts that the GCBOE retained $93,746.55. The Plaintiffs assert that SWVP is currently due and owed over $57,403.59 for subcontract work it performed on the project, and the GCBOE and third-party defendants in this proceeding assert that those third-party defendants are due and owed at least $56,239.50.

### III. DISCUSSION

The Plaintiffs assert that they are entitled to summary judgment in this proceeding because the Debtor breached its Contract with the GCBOE by not paying its subcontractors such that the proceeds retained by the GCBOE are not property of the Debtor's Chapter 7 bankruptcy estate. The Debtor contends that it performed all of its obligations under the Contract and is thus entitled to summary judgment and an order requiring the GCBOE to pay the retained funds to it because only it had any right in the proceeds under the Contract as of the petition date.

Notably, the parties' argument generally focuses on the status of the Plaintiffs and whether they are entitled to the funds held by the GCBOE. For instance, the Plaintiffs assert that

---

[2] It is unclear to the court, based upon the record before it, why the architect withheld the final Certificate for Payment. To the extent there is a dispute in that regard, however, the court finds it irrelevant because the material fact is that the architect withheld the final Certificate for Payment consistent with the terms of the Contract. For instance, the Debtor has not asserted any claim against the architect for improperly withholding the final Certificate for Payment.

4

the court should, in addition to declaring the funds to not be property of the estate, order the GCBOE to pay the funds to them to the extent they were not paid by the Debtor. Likewise, the GCBOE supports the Plaintiffs' Motion for Summary Judgment but asserts that the Plaintiffs and other third parties should share in the proceeds. On the other hand, the majority of the Debtor's argument revolves around why it believes the Plaintiffs are not entitled to the funds held by the GCBOE. Specifically, it acknowledges that the funds are being held by the GCBOE consistent with provisions of Form A201, but it then makes conclusory statements that it is entitled to the funds as property of the bankruptcy estate. It does not assert why it has a legal or equitable interest in the funds, particularly in light of the non-performance of its payment obligations under the Contract, and the architect not issuing a Certificate for Payment to the GCBOE—a condition precedent to the GCBOE being obligated to pay the Debtor under the Contract.

A bankruptcy estate, which is created upon the commencement of a bankruptcy case, is generally comprised of "all legal or equitable interests of the debtor in property as of the commencement of the case." 11 U.S.C. § 541(a)(1). It also includes all "[p]roceeds, product, offspring, rents, or profits of or from property of the estate . . . ." § 541(a)(6). Therefore, to the extent a debtor fully performs under a pre-petition contract, its interest in the amount owed to it flowing from the completed contract is likewise property of the bankruptcy estate. *See Grochal v. Ocean Tech. Servs. Corp. (In re Baltimore Marine Indus. Inc.)*, 476 F.3d 238, 240 (4th Cir. 2007). Notably, however, "contract funds in a construction project do not become property of the estate until the debtor completes the project and fully complies with the payment obligations to the suppliers and laborers." *Insite Corp. v. Walsh Constr. Co. Puerto Rico (In re Insite Corp.)*, Adv. No. 12-281, 2015 WL 6561688, *3 (Bankr.D.P.R. Oct. 29, 2015); *see Pearlman v. Reliance Ins. Co.*, 371 U.S. 132, 141 (1962) (implicitly holding that a contractor who does not complete his job and pay his laborers is not entitled to funds retained under the construction contract).

As the court notes above, the parties focus their arguments on whether the Plaintiffs have a right to the funds retained by the GCBOE. The court, however, perceives that issue to be a red herring because the dispositive issue as the court sees it is simply whether the Debtor had a legal or equitable interest in the retained funds as of the petition date. To the extent the court determines that the Debtor did not have such an interest, that determination ends the court's

inquiry because it possesses jurisdiction over property only if it is property of the estate or that of the debtor as of the commencement of the case. *See* 28 U.S.C. § 1334(e)(1).

Here, the court finds that record before it leads to the inexorable conclusion that the funds retained by the GCBOE are not property of the Debtor's bankruptcy estate. Moreover, there is no genuine dispute of material fact in that regard such that the court will grant, in part, the Plaintiffs' Motion for Summary Judgment. To be clear, there is no dispute that the Debtor performed all of the physical work required of it under the Contract. It is just as clear, however, that the Debtor failed to pay some, if not all, of its subcontractors. The Debtor's failure in that regard, or its failure to submit a final Application for Compensation to the architect, resulted in the architect withholding the final Certificate for Payment. Without the architect issuing the final Certificate for Payment to the GCBOE, the GCBOE was not obligated under the Contract to pay the Debtor. Based upon that finding, the Debtor possessed no legal or equitable interest in the retained funds as of the petition date. It could be, for instance, that the Debtor would have had a legal or equitable interest in the funds retained by the GCBOE notwithstanding the Debtor's failure under the Contract. For that to be the case, however, the amount retained by the GCBOE would have to be greater than the amount owed to the subcontractors. Because that is not the case here, the funds retained by the GCBOE are therefore not property of the Debtor's bankruptcy estate.

## IV. CONCLUSION

Based on the foregoing, the court holds that the Debtor possessed neither a legal nor equitable interest in the funds retained by the GCBOE as of the petition date. Having made that determination, the court will enter a separate order denying the Debtor's Motion for Summary Judgment and granting, in part, the Plaintiffs' Motion for Summary Judgment. The court will deny the Plaintiffs' request that it order the GCBOE to pay the retained funds to them to the extent they were not paid by the Debtor because, based on the court's finding, those funds are not property of the bankruptcy estate and thus not subject to the authority of this court to control their ultimate disposition or distribution. 28 U.S.C. § 1334(e)(1).

Patrick M. Flatley

Date: 2-17-2016

6